IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP TINSLEY, III, ) | |
| ) | |
| Plaintiff, ) | 8:05cv311 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| OMAHA STATE BANK, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the following pending motions: (1) filing no. 5, the Defendant's Motion to Dismiss filed by the Omaha State Bank; (2) filing no. 8, the Motion for Default Judgment filed by the plaintiff, Philip Tinsley, III; (3) filing no. 15, the defendant's Motion to Extend Time in Which to File Rule 26(f) Report; and (4) filing no. 17, the plaintiff's Motion for Writ of Mandamus to Compel the Clerk to Obey the Federal Rules of Civil Procedure.  In filing nos. 8 and 17, the plaintiff erroneously contends that the defendant has defaulted by failure to answer or otherwise timely respond to the complaint. In addition, the plaintiff has not complied with the requirements of Fed. R. Civ. P. 55 governing default judgments.  Therefore, filing nos. 8 and 17 are denied.

The plaintiff brings this action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO").  Upon consideration of the record and the applicable law, the defendant's Motion to Dismiss will be granted, and the plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).

Among other bases for dismissal of the plaintiff's RICO claim, the facts as set forth in the complaint do not constitute a "pattern" of "racketeering activity."  "[A] RICO plaintiff

must prove the defendant 'engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Asa-Brandt, Inc. v. ADM Investor Servs., Inc., 344 F.3d 738, 752 (8th Cir. 2003), *quoting* Handeen v. Lemaire, 112 F.3d 1339, 1347 (8th Cir. 1997). See also United HealthCare Corp. v. American Trade Ins. Co., 88 F.3d 563, 570 (8th Cir.1996) (to state a claim under 18 U.S.C. § 1962(c), a plaintiff must establish (1) the existence of an enterprise; (2) conduct by the defendant(s) in association with the enterprise; (3) participation in at least two predicate acts of racketeering; and (4) conduct that constitutes a pattern of racketeering activity).

"Predicate acts" making up a "pattern" of racketeering activity may include mail fraud, bank fraud, various kinds of theft, and other crimes, but those acts *must* form a "pattern." A "pattern" requires "continuity," i.e., either "a threat of continuing criminal activity beyond the period during which the predicate acts were performed" ("open-ended pattern") or past predicate acts which extended "over a substantial period of time" ("closed-ended pattern"). First Capital Asset Management, Inc. v. Satinwood, Inc., 385 F.3d 159, 180, 181 (2d Cir. 2004) (citations and internal quotation marks omitted.) "[A] plaintiff in a RICO action must allege either an open-ended pattern of racketeering activity (i.e., past criminal conduct coupled with a threat of future criminal conduct) or a closed-ended pattern of racketeering activity (i.e., past criminal conduct extending over a substantial period of time)." Id. at 180. "Notably, this Court has never found a closed-ended pattern where the predicate acts spanned fewer than two years." Id. at 181.

Stripped of its conclusions of law and acrimonious characterizations of the defendant, the plaintiff's complaint contains only the following *factual* allegations: Within a four-day period, i.e., on April 14 and 18, 2005, the plaintiff sent two $500 cashier's

2

checks to the defendant with requests to open a certificate of deposit. The defendant received the checks but declined to open an account, in the absence of information sufficient to satisfy the requirements of the Patriot Act. The plaintiff sent a copy of his passport, but, as of the date of the complaint, he had not received either confirmation of a certificate of deposit in his name at the defendant's financial institution or return of his cashier's checks.

While the foregoing facts could possibly state a claim on which relief may be granted on some other legal basis, the facts reveal no "pattern" of racketeering activity, and thus, no basis for recovery under RICO. The requirement of continuity is entirely absent. Closed-ended continuity requires a series of related predicates extending over a substantial period of time, and open-ended continuity involves acts which, by their nature, threaten repetition into the future. This case involves neither, assuming the truth of the facts alleged in the complaint.

In addition, RICO provides that it is unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering or collection of unlawful debt. 18 U.S.C. § 1962(c). Thus, under 18 U.S.C. § 1962(c), a plaintiff must allege and prove the existence of two distinct entities, i.e., a "person" and an "enterprise" that is not simply the same "person" referred to by a different name. Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001).

"RICO both protects a legitimate 'enterprise' from those who would use unlawful acts to victimize it, ... and also protects the public from those who would unlawfully use an

'enterprise' (whether legitimate or illegitimate) as a 'vehicle' through which 'unlawful ... activity is committed,' ...." Id. at 173 (citation omitted). "The enterprise must be separate from the pattern of racketeering activity ... and distinct from the person conducting the affairs of the enterprise." First Capital Asset Management, Inc. v. Satinwood, Inc., 385 F.3d 159, 173 (2d Cir. 2004) (citation omitted). In this case, the plaintiff has alleged no "enterprise" separate from the bank which is the "person" alleged to have conducted the pattern of racketeering activity. However, the "person" named as a defendant cannot also be the entity identified as the "enterprise" for purposes of a RICO claim.

THEREFORE, IT IS ORDERED:

1. That filing no. 5, the defendant's Motion to Dismiss, is granted;

2. That filing no. 8, the plaintiff's Motion for Default Judgment, is denied;

3. That filing no. 15, the defendant's Motion to Extend, is denied as moot;

4. That filing no. 17, the plaintiff's Motion for Writ of Mandamus, is denied; and

5. That a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 4th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge